IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**CALVIN C. MONTGOMERY,**

**Defendant.** No.06-30071-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Montgomery's October 26, 2012 motion to suspend payments (Doc. 121). Based on the following, the Court dismisses Montgomery's motion for lack of jurisdiction.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial

based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Montgomery does not cite any case law or statute which allows the Court to consider his motion. Montgomery does cite to 18 U.S.C. § 3664(k) as support for his motion. However, 18 U.S.C. § 3664(k) is inapplicable as it applies to restitution and Montgomery was not ordered to pay restitution – he was ordered to pay a special assessment of $100.00 and a fine of $750.00.

Further, Rule 35 is inapplicable because this motion is brought over fours and a half years *after* the sentencing and Judgment (March 20, 2008); the motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and they were not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Montgomery could bring this motion is a § 2255 collateral attack. Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). After reviewing the pleadings, it is not clear to the Court that Montgomery intends to pursue a collateral attack.[1] Because the Court finds that

---

[1] It is noted that the defendant filed a petition pursuant to 28 U.S.C. § 2255 on May 12, 2010. *Montgomery v. U.S.A.*, 10-CV-0356-DRH (Doc. 1). The Court denied and dismissed with prejudice that petition on June 12, 2012. *Id.* at Docs. 31 & 32. That petition is currently on appeal with the Seventh Circuit Court of Appeals. *Id.* at Doc. 33.

Montgomery's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court dismisses for want of jurisdiction Montgomery's October 26, 2012 motion to suspend payments (Doc. 121).

**IT IS SO ORDERED.**

Signed this 6th day of November, 2012.

Digitally signed by David R. Herndon
Date: 2012.11.06 13:08:09 -06'00'

**Chief Judge
United States District Court**